[Civ. No. 2339. First Appellate District.—December 3, 1917.]

GREAT WESTERN ELECTRO-CHEMICAL COMPANY et al., Petitioners, v. INDUSTRIAL ACCIDENT COMMISSION and PETER J. CONNELLY, Respondents.

WORKMEN'S COMPENSATION ACT — INJURY TO EYE OF EMPLOYEE OF CHEMICAL COMPANY — LACK OF WILLFUL MISCONDUCT.—Under the Workmen's Compensation Act, the Industrial Accident Commission cannot be said to have acted beyond and in excess of its jurisdiction in making an award in favor of an employee of an electro-chemical company for any injury to his eye from getting caustic therein because he did not wear glasses at the time of the accident, as required by the company's rules, and was thus guilty of willful misconduct, where it was shown by the evidence that the caustic was spilled on the employee's back while he was stooping, and only got into his eye from an attempt to pull his shirt over his head, and that the injury would have probably occurred whether he had on his glasses or not.

APPLICATION for a Writ of Review to annul an award of the Industrial Accident Commission.

The facts are stated in the opinion of the court.

Redman & Alexander, for Petitioners.

Christopher M. Bradley, for Respondents.

THE COURT.—The petitioners herein contend that the Industrial Accident Commission acted beyond and in excess

of their jurisdiction in the making of an award in favor of Peter J. Connelly, an applicant before it, in his application against the Great Western Electro-Chemical Company, his employers, and their insurer, Employers' Liability Assurance Corporation, Limited, the basis of their contention being that the undisputed evidence in the case shows that at the time of receiving the injuries for which the applicant, Peter J. Connelly, claimed compensation, he was guilty of willful misconduct from which his injuries directly arose, such willful misconduct consisting in his willful disobedience of the orders and instructions of his employers with respect to the wearing of glasses in connection with the doing of the work in which he was engaged at the time of the injury of which he complains.

The Great Western Electro-Chemical Company was engaged in the business of making caustic, which it was dangerous for its employees to handle or work with unless their eyes were protected by the wearing of glasses, which the said corporation furnished to its employees, and directly and expressly instructed them to wear when engaged in their work. The applicant for compensation had always worn such glasses theretofore in obedience to such express instructions, but a few moments before his injuries had taken off his glasses and omitted to replace them when he undertook to fill his kettle from a tank containing caustic by means of a pump connected with said tank. While so engaged a quantity of the caustic from the valves of said pump or tank was spilled upon his back, and from thence got into one of his eyes, causing the injury of which he complains.

The petitioner's contention is that the caustic got into the eye of the injured employee because his glasses were off; and that having removed his glasses in direct violation of the positive instructions of his employer, he was guilty of willful misconduct, by reason of which he is not entitled to recover.

An examination of the entire evidence taken before the Industrial Accident Commission, however, convinces us that there was a very serious question as to whether or not the absence of the glasses in any way contributed to or caused the applicant's injury, the evidence seeming to show quite clearly that when he was injured he was stooping down, and that while in this position the caustic was spilled upon his back, and only got into his eyes while an attempt was being

made to pull his shirt off over his head, and that the injury to his eye would probably have occurred whether he had his glasses on at that time or not, and hence that the absence of the glasses was not a contributing cause of his injury. Such being the state of the evidence, we are unable to say that the commission did not have jurisdiction to determine that the omission of the applicant to wear his glasses at the moment of his·injuries was the cause of such injuries.

The petitioners herein further contend that the applicant should not have recovered because the evidence showed that in his manner of using the pump which caused the caustic to be spilled upon his back, the applicant did not follow his instructions as to the manner in which such pump was to be operated.

We do not find, however, from a reading of the entire record that the applicant had ever received any instructions from a superior officer or employee as to the manner in which such pump should be operated, and that the utmost that can be said with reference to this matter is that he was simply negligent in the use of said pump but was not guilty of any willful misconduct in that connection at the time of his injuries. The commission so found, and we think the evidence justifies their conclusion in that regard.

The petition is denied.